UNITED STATES of America, Appellee,

v.

George MAPP, Defendant–Appellant.

No. 1118, Docket 92–1664.

United States Court of Appeals,
Second Circuit.

Argued March 1, 1993.

Decided April 1, 1993.

Andrea M. Likwornik, Asst. U.S. Atty., New York City (Otto G. Obermaier and Andrew C. McCarthy, of counsel, U.S. Attys., S.D.N.Y., on the brief), for appellee.

Doris G. Traub, New York City, for defendant-appellant.

Before: NEWMAN and WINTER, Circuit Judges, and CARMAN, Judge.*

## OPINION

CARMAN, Judge:

Defendant George Mapp, who was a correctional officer at the Metropolitan Correctional Center in Manhattan at the time of his offense, appeals from a judgment of conviction entered in the United States District Court for the Southern District of New York before the Honorable Leonard B. Sand. Mapp was sentenced to a term of fifty-five months imprisonment, followed by a term of two years of supervised release after he pled guilty to bribery, in violation of 18 U.S.C. § 201(b)(2) (1988), and conspiracy to violate 18 U.S.C. § 1791(a)(1) (1988) by providing contraband to inmates of the Metropolitan Correctional Center in violation of 18 U.S.C. § 371 (1988). Mapp requests this Court to vacate his sentence and remand for resentencing.

## BACKGROUND

On March 24, 1992, Mapp and the Government entered into a plea agreement pursuant to which Mapp agreed to plead guilty to bribery and conspiracy to provide contraband to inmates between August and September of 1991. The plea agreement set forth a detailed stipulation on those matters upon which the Government and Mapp had been able to agree, including Mapp's admission that he provided inmates with alcohol and a "jeweler's string," an object which is used to cut bars to facilitate escape. The plea agreement also explicitly reserved to the Government the right to present additional facts relating to Mapp's alleged distribution of marijuana and cocaine to inmates. Mapp and the Government agreed that U.S.S.G. § 2C1.1 would govern the bribery offense, resulting in an offense level of 12. It was further agreed that U.S.S.G. § 2P1.2 would govern the offense of conspiracy to provide contraband to prisoners, with the offense level

dependent upon the type of contraband that Mapp provided.

After Mapp pled guilty on March 26, 1992, a Presentence Report was prepared that stated Mapp had provided inmates with not only the alcohol and escape equipment to which he had already admitted, but also cocaine. The Probation Department applied U.S.S.G. §§ 2P1.2(a)(2) and 2P1.2(b)(1), adjusted the offense level for acceptance of responsibility and concluded that Mapp's offense level was 13. The Government objected to that calculation asserting that U.S.S.G. § 2P1.2(c)(1) should apply instead. Section 2P1.2(c)(1) directs that the offense level be determined either by the narcotics table, U.S.S.G. § 2D1.1, or by level 26, whichever is higher. Mapp's offense level, the Government maintained, should therefore be calculated as 26 based on the cocaine he supplied to inmates.

On July 8, 1992, Judge Sand held a conference in which he indicated that he believed the Government's analysis was correct, despite Mapp's arguments that U.S.S.G. § 2P1.2(c)(1) was inapplicable. However, Judge Sand decided that because there might not have been "a meeting of the minds" when Mapp entered into the plea agreement with the Government, the court would give Mapp an opportunity to make an application to withdraw his plea. After discussions between defense counsel and the Government, Mapp's counsel advised the court and the Government by letter that Mapp would move to withdraw the plea.

Mapp later reversed his position and asked the District Court to disregard his application to withdraw his plea. At this time Mapp still did not acknowledge that he had supplied cocaine to inmates. A *Fatico* hearing was scheduled for October 30, 1992, but on that date Mapp withdrew his objections to the allegation in the Presentence Report that he had provided cocaine to inmates. Judge Sand concluded that the importation of cocaine into the correctional

* Honorable Gregory W. Carman, of the United States Court of International Trade, sitting by designation.

center was relevant conduct resulting in the application of U.S.S.G. § 2P1.2(c)(1).

## CONTENTIONS OF THE PARTIES

On appeal Mapp argues that the Government's position is based on an amendment to U.S.S.G. § 1B1.3, Application Note 5[1] which was not part of the Sentencing Guidelines at the time of his offense. Therefore, application of the cross reference of § 2P1.2(c)(1) to Mapp would violate the Ex Post Facto Clause. (*See* U.S. Const., Art. I, §§ 9 & 10). In addition, Mapp contends U.S.S.G. § 2P1.2(c)(1) was inapplicable because he had not pled guilty to an offense which would subject him to punishment under 18 U.S.C. § 1791(b)(1).

The Government argues that the district court correctly decided that U.S.S.G. § 2P1.2(c)(1) was applicable in determining Mapp's offense level. The Government's argument is based on the application of the Guidelines in effect at the time Mapp committed his offense which already treated conspiracy for sentencing purposes as the equivalent of its substantive object. The Government contends the amendment to U.S.S.G. § 1B1.3, Application Note 5 was not necessary to arrive at Mapp's sentence because it merely clarified an already existing sentencing scheme. For the reasons below, we affirm.

## DISCUSSION

■ We first turn to the underlying Guideline that pertains to defendant's case. Sentencing Guideline § 2X1.1(a) indicates, in relevant part, that the base offense level for the crime of conspiracy is equal to "[t]he base offense level from the guideline for the substantive offense, plus any adjustments from such guideline for any intended offense conduct that can be established with reasonable certainty."

A *Fatico* hearing was scheduled in which the government was to be given the opportunity to prove with reasonable certainty that Mapp had provided inmates with co-

caine. On the date of the hearing, Mapp withdrew his objections to those allegations. Once the relevant conduct of supplying cocaine to inmates was established, U.S.S.G. § 2X1.1 required the application of the same Guideline governing the substantive violation to Mapp's conspiracy offense.

For purposes of the Guidelines, Mapp's offense level with respect to the cocaine is provided by U.S.S.G. § 2P1.2(c)(1) which states as follows: "If the defendant is convicted under 18 U.S.C. § 1791(a)(1) and is punishable under 18 U.S.C. § 1791(b)(1), the offense level is 2 plus the offense level from § 2D1.1, but in no event less than level 26." Section 1791 provides in relevant part:

**(a) Offense.**—Whoever—

(1) in violation of a statute or a rule or order issued under a statute, provides to an inmate of a prison a prohibited object or attempts to do so;

. . . .

shall be punished as provided in subsection (b) of this section.

**(b) Punishment.**—The punishment for an offense under this section is a fine under this title or—

(1) imprisonment for not more than 20 years, or both if the object is specified in subsection (d)(1)(C) of this section;

. . . .

**(d) Definitions.**—As used in this section—

(1) the term "prohibited object" means—

. . . .

(C) a narcotic drug, lysergic acid diethylamide, or phencyclidine

By providing inmates with cocaine, a narcotic drug, Mapp's conduct violated 18 U.S.C. § 1791(a), and more specifically subjected him to punishment under 18 U.S.C. § 1791(b)(1). Thus, adjustments in

---

**1.** This application note was renumbered Application Note 6 effective November 1, 1992.

U.S.S.G. App. C, amend. 439.

U.S.S.G. § 2P1.2(c)(1) were correctly used in the calculation of Mapp's offense level.

Mapp contends that his sentence was the result not of an existing sentencing scheme, but rather a new enhanced penalty created by the amendment to U.S.S.G. § 1B1.3, Application Note 5. Specifically, Mapp contends that the prior commentary limited guideline cross-references to the precise offense of which the defendant was convicted.[2] Thus, he contends, the cross-reference of section 2P1.2(c) permits enhancement only for those convicted of the substantive offense of violating 18 U.S.C. § 1791(a)(1) that is punishable by 18 U.S.C. § 1791(b)(1). He further argues that to the extent that the amended commentary explicitly permits a cross-reference for conspiracy as well as substantive offenses,[3] it is making an impermissible extension that may not be applied to offenses occurring prior to the amendment.

■ Mapp accurately states that to apply Guidelines in effect at the time of sentence, but which retrospectively impose a more onerous punishment, would violate the Ex Post Facto Clause. *United States v. Paccione*, 949 F.2d 1183, 1204 (2d Cir. 1991), *cert. denied*, — U.S. —, 112 S.Ct. 3029, 120 L.Ed.2d 900 (1992) (citing *Miller v. Florida*, 482 U.S. 423, 435–36, 107 S.Ct. 2446, 2453–54, 96 L.Ed.2d 351 (1987)). But as we have pointed out, the prior guidelines already provide in section 2X1.1 that conspiracy offenses are to be treated like substantive offenses. That being so, the amended commentary is properly regarded as only a clarification. Moreover, the Commission has indicated that it regards the amended commentary as a clarification, *see* U.S.S.G. App. C, amend. 389, at 219, and we normally defer to its reasonable characterization of such amendments. *See United States v. Joyner*, 924 F.2d 454, 458 (2d Cir.1991). When an amendment serves merely to clarify and does not enhance punishment, the Ex Post Facto Clause is not implicated. *See id.*

■ Mapp further argues that he was convicted of a conspiracy to violate 18 U.S.C. § 1791(a)(1), punishable under 18 U.S.C. § 1791(b)(3), not 18 U.S.C. § 1791(b)(1), because he pled guilty to providing an inmate with an object intended to be used to facilitate escape, not to providing cocaine. Because he did not subject himself to punishment under 18 U.S.C. § 1791(b)(1), Mapp states that the district court judge erred in applying U.S.S.G. § 2P1.2(c)(1) in the computation of his sentence level. This argument is without merit. By withdrawing his objections to the Presentence Report and making a *Fatico* hearing unnecessary, Mapp conceded that he supplied inmates with cocaine. Therefore, by pleading guilty to conspiracy to violate 18 U.S.C. § 1791(a)(1) and by conceding conduct punishable by 18 U.S.C. § 1791(b)(1), his offense level was properly based upon U.S.S.G. § 2P1.2(c)(1). The degree of Mapp's punishment is determined by the Guidelines but limited by the maximum penalty permissible under 18 U.S.C. § 371, the conspiracy statute under which he was convicted.

## CONCLUSION

We have considered all of Mapp's arguments on this appeal and have found them to be without merit. The judgment of conviction is affirmed.

---

**2.** Prior to the amendment, the Application Note provided: "A particular guideline ... may expressly direct that a particular factor be applied only if the defendant was convicted of a particular statute.... Unless such an express direction is included, conviction under the statute is not required."

**3.** Effective November 1, 1991, the Commission added the following to Application Note 5:

An express direction to apply a particular factor only if the defendant was convicted of a particular statute includes the determination of the offense level where the defendant was convicted of conspiracy, attempt, solicitation, aiding or abetting, accessory after the fact, or misprision of felony in respect to that particular statute.

U.S.S.G. App. C, amend. 389.